IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TOMMIE C. GIBSON, and DEBBIE S. SMITH, husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-03-733-L |
| ABN AMRO MORTGAGE GROUP, INC., PEOPLE'S MORTGAGE, INC., AMERICAN GUARANTY TITLE CO., IMAGE HOMES, INC., DGM, INC., DENA G. MARLER, and STEVEN V. MARLER, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## **O R D E R**

Plaintiffs' claims in this lawsuit arise from their purchase of a new home from defendant Image Homes, Inc. ("Image Homes") in April of 2002.  At the loan closing, a commission in the amount of $4,037.67 was paid by Image Homes to "DGM, Inc." which is an acronym or abbreviation of Dena G. Marler, Inc.  Plaintiffs allege that the acronym DGM, Inc. was used in order to fraudulently conceal that an unearned fee was being paid to the mortgage broker, Dena G. Marler, in violation of state and federal laws.

This matter is before the court on **(1)** the Motion to Dismiss filed by defendant ABN AMRO Mortgage Group, Inc. ("AAMG") **[Doc. No. 51]** and **(2)** plaintiffs' Motion to Intervene **[Doc. No. 58]**, which seeks an order allowing

certain proposed additional plaintiffs to join this lawsuit under Fed. R. Civ. P. 24(b). The court has carefully reviewed the briefs and responses of the parties as well as the exhibits submitted. Based upon this review, the court determines that AAMG's Motion to Dismiss should be granted in part and denied in part, and that the Motion to Intervene should be denied.

Initially, the court notes that defendants People's Mortgage, Inc. and Dena G. Marler, Inc. a/k/a DGM, Inc. have filed a Notice of Bankruptcy and this action is stayed as to these parties.

AAMG, the lender in the mortgage loan transaction, seeks dismissal of the following claims: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601, *et seq.*; (3) violation of the Oklahoma Consumer Credit Protection Act ("OCPA"); and (4) breach of contract. AAMG argues that plaintiffs' claims fail as to AAMG because:

- The plaintiffs cannot state a claim under TILA because neither AAMG nor the plaintiffs paid the commission, and, in any event, it was disclosed;
- The RESPA claim fails because AAMG did not pay or receive any portion of the commission nor was the commission split among the lender and third parties;
- The OCPA claim fails because, as an operating subsidiary of a national bank, AAMG is exempt from the OCPA pursuant 15 O.S. § 754, and in any

event, the OCPA is preempted by the National Bank Act and rules promulgated by the Office of the Comptroller of the Currency ("OCC").

• The plaintiffs do not adequately allege a claim for breach of contract.

As to the first three arguments, the court finds that AAMG's motion must be denied. It is well settled that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). The complaint must be construed in the light most favorable to plaintiff and all factual allegations in the complaint must be presumed to be true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Meade, 841 F.2d at 1526. Under this standard and at this stage in the proceedings, the court cannot say that it is beyond doubt that plaintiffs can prove no set of facts in support of these claims. The court has reviewed the authorities cited by the parties and finds that they do not conclusively show that AAMG is entitled to dismissal of these claims at this time. The court also finds that resolution of factual issues would be inappropriate at this stage in the proceedings. Of course, nothing in this order should be taken as discouraging AAMG or any party from filing a motion for summary judgment on these issues at the appropriate time.

The court agrees with AAMG, however, that plaintiffs have failed to adequately allege a claim for breach of contract. Plaintiffs' response to AAMG's

motion adds to the confusion surrounding this claim, since plaintiffs appear to insert theories of fraud and breach of an implied covenant of good faith and fair dealing in connection with this claim.  Therefore, AAMG's motion to dismiss as to the breach of contract claim is **granted.**  Plaintiffs may file an Amended Complaint clearly and succinctly stating any claim they have for breach of contract, if supported by the facts and law.  Any such Amended Complaint is to be filed within twenty (20) days of the date of this order.  In all other respects, AAMG's Motion to Dismiss is **denied.**

Plaintiff's Motion to Intervene is premised on Fed. R. Civ. P. 24(b) which governs permissive intervention.  Rule 24(b) provides:

> **(b) Permissive Intervention.**  Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Plaintiffs provide a list of 26 names, representing persons allegedly involved in real estate transactions similar to the one experienced by the original plaintiffs.  For example, the motion states that all the proposed intervening plaintiffs purchased their homes from Image Homes; that the mortgage broker, mortgage lending company, title and trust company are the same parties involved in the purchases of homes by all the proposed intervening plaintiffs; and that "the

issues of fact and law are identical as to all proposed plaintiffs. . . ". Plaintiffs assert that permissive intervention will result in judicial economy.

In separate responses, defendants AAMG, Image Homes, and American Guaranty Title Co., argue that the requirements of Rule 24(b) are not satisfied because the proposed intervening plaintiffs do not share common questions of fact or law with the current plaintiffs, and that intervention would delay this action and prejudice the defendants. The defendants persuasively argue that it is factually inaccurate for plaintiffs to assert that the claims of the potential plaintiffs share common questions of law and fact with the current plaintiffs. The defendants have come forward with strong evidence that the home purchase transactions of the proposed intervening plaintiffs do not involve the same parties as the original plaintiffs. For example, American Guaranty Title Co. has attached the affidavit of its Vice President Chaney Haynes, who, upon searching the available records, has concluded that the 19 new home purchase transactions for the 26 additional plaintiffs do not include all the same defendants as originally named in this lawsuit. Similarly, Image Homes has conducted its own review and argues that the facts and parties involved with plaintiffs and the proposed intervening plaintiffs are vastly different (*e.g.,* sixteen of the proposed additional plaintiffs did not use Peoples Mortgage, Inc. as their mortgage broker, eleven proposed plaintiffs did not use AAMG as their mortgage lending company, three of the proposed plaintiffs used a closing company different than American

Guaranty Title Co., and the percentage amounts paid to Peoples Mortgage, Inc. and DGM, Inc. varied).

Upon consideration of plaintiffs' "bare-bones" motion and the defendants' overwhelming response indicating that the claims of the proposed intervening plaintiffs do not have a question of law or fact in common with the main action, and are certainly not "identical" as plaintiffs claim, the court, in the exercise of its discretion, finds that the Motion to Intervene should be and is hereby **denied.** To allow the permissive intervention sought by plaintiffs would unduly delay the proceedings and cause needless prejudice to the existing parties. An alternative ground for denial of this motion is plaintiffs' failure to accompany their motion with a pleading setting forth the claim or defense for which intervention is sought, as required by Fed. R. Civ. P. 24(c).

In summary, AAMG's Motion to Dismiss **[Doc. No. 51]** is **GRANTED in part and DENIED in part as follows:**

- AAMG's motion to dismiss as to the breach of contract claim is **granted.** Plaintiffs may file an Amended Complaint clearly and succinctly stating any claim they have for breach of contract. Such Amended Complaint is to be filed within twenty (20) days of the date of this order.
- In all other respects, AAMG's Motion to Dismiss is **denied.**

Plaintiffs' Motion to Intervene **[Doc. No. 58]** is **DENIED** in its entirety, all as

more fully stated above.

    It is so ordered this 6th day of June, 2005.

*/s/ Tim Leonard*

TIM LEONARD
United States District Judge